UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV2445 HEA |
| ) | |
| SOUTHEAST MISSOURI MENTAL ) | |
| HOSPITAL HEALTH CENTER, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the court upon the motion of plaintiff Michael Kelly for leave to proceed in forma pauperis. The Court has reviewed the financial information submitted in support, and will grant the motion. The Court will also dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

In the complaint, as grounds for filing this case in this Court, plaintiff writes: "Health Information Privacy Act (HIPA)."[1] (Docket No. 1 at 1). In setting forth his claim, plaintiff writes:

> Southeast Missouri Mental Health violated/breached my personal protected Health Information which is a violation of the Health Insurance Portability and Accountability Act (HIPPA). On 7-10-2017 my individual treatment review was mailed to another client's guardian and his was sent to mine.

*Id.* at 3. For his prayer for relief, plaintiff asks this Court to "appoint legal counsel for a civil law suit" and award him monetary damages in the amount of $1 million. *Id.* at 4.

---

[1] Plaintiff does not explain what he believes the "Health Information Privacy Act (HIPA)" is, and the Court is not aware of any such act providing grounds for bringing a case in federal court. The Court presumes that plaintiff intended to refer to the federal statute governing health information privacy, the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

## Discussion

Taking plaintiff's allegations as true, they do not sustain a claim for relief. Assuming for the sake of argument that the defendant's conduct ran afoul of HIPPA, the complaint should still be dismissed because HIPPA does not create a private right of action for violations of the act. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (citing *Adams v. Eureka Fire Prot. Dist.*, 352 Fed. Appx. 137, 139 (8th Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006)); *see also Fogle v. Missouri Dept. of Mental Health*, 2008 WL 5234757, *2 (E.D. Mo. Dec. 15, 2008) ("Every court that has considered the issue has held that HIPAA does not create a private cause of action for violations of the act."). This case will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE